IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| M.Z. and N.H.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS, and THE BOEING COMPANY CONSOLIDATED HEALTH AND WELFARE PLAN,<br><br>　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:20-cv-00184-RJS<br><br>Chief District Judge Robert J. Shelby |

　　　　Before the court is Plaintiffs' Motion to Reopen Case.[1] For the reasons stated below, Plaintiffs' Motion is GRANTED.

## BACKGROUND

　　　　This case arises out of Defendants'—Blue Cross Blue Shield of Illinois (BCBS) and the Boeing Company Consolidated Health and Welfare Plan (the Plan)—denial of coverage for Plaintiff N.H.'s residential mental health treatment. Plaintiffs M.Z. and her son N.H. are, respectively, a participant in and beneficiary of the Plan.[2] The Plan is a self-funded employee welfare benefits plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), for which BCBS is the claims administrator.[3] Plaintiffs filed this lawsuit in December 2020, claiming Defendants failed to comply with ERISA in denying benefits to Plaintiffs for

---

[1] Dkt. 72, *Motion to Reopen Case* (*Motion*).

[2] Dkt. 2, *Complaint* ¶ 3.

[3] *Id.* ¶¶ 2, 3.

1

over $300,000 worth of mental health care that N.H. received at a residential mental health treatment program and a residential mental health treatment facility known as Viewpoint Center and Innercept, respectively.[4]  In a Judgment entered April 6, 2023, the court found in favor of Defendants for all non-Innercept claims, and it remanded the Innercept claim back to BCBS for reconsideration.[5]  On remand, BCBS upheld the denial of benefits to Plaintiffs for N.H.'s care at Innercept.[6]  Plaintiffs filed the present Motion in November 2024, requesting the court reopen the case to challenge Defendants' denial of the Innercept claim.[7]  Plaintiffs also seek leave to file an amended complaint.[8]  Defendants do not oppose Plaintiffs' Motion.

## ANALYSIS

Generally, when an ERISA case is remanded to the plan administrator for further proceedings, the decision on remand is reviewable by the District Court upon motion by either party.[9]  Given this, it is appropriate to reopen this case to evaluate BCBS's most recent denial. The court also grants Plaintiffs leave to amend their complaint as the facts of the case have changed significantly following the court-ordered remand.[10]  Granting the relief sought in

---

[4] *Id.* at 1.

[5] *See* Dkt. 71, *Judgment in a Civil Case*; Dkt. 70, *Memorandum Decision and Order*.

[6] *Motion* at 2.

[7] *Id.* at 7.

[8] *Id.*

[9] *Graham O. v. United Behav. Health*, No. 1:18-CV-31-TS, 2024 WL 170739, at *1 (D. Utah Jan. 16, 2024) (citations omitted).

[10] *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a complaint] when justice so requires."); *Motion* at 7.

Plaintiffs' Motion is especially justified considering Defendants' failure to respond to the Motion, implying concession of the arguments raised by Plaintiffs.[11]

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Reopen Case is GRANTED.[12] The parties should file a proposed briefing schedule for dispositive motions related to the denial of the Innercept claim within 14 days of this Order.

SO ORDERED this 2nd day of January 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[11] *See Storey v. Seipel*, No. 2:22-CV-00486-RJS-DAO, 2024 WL 4436609, at *3 n.54 (D. Utah Oct. 24, 2024) (citing *Am. Waterways Operators v. Regan*, 590 F. Supp. 3d 126, 138 (D.D.C. 2022) for the proposition that when a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded).

[12] Dkt. 72.