UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH NORTHERN DIVISION

| | |
|---|---|
| M.Z. and N.H., <br><br> Plaintiffs, <br><br> v. <br><br> BLUECROSS BLUESHIELD OF ILLINOIS, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO PROCEED ANONYMOUSLY** <br><br> Case No. 1:20-cv-00184-RJS-CMR <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Cecilia M. Romero |

## I.  BACKGROUND

N.H. and his mother M.Z. (collectively, Plaintiffs) brought this action alleging Defendants violated the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.*, by denying insurance coverage for care N.H. received as a minor (ECF 2). Because Plaintiffs filed this case using only initials, the court ordered them to file either an amended complaint under their full names or a motion for leave to proceed under initials (ECF 78). Plaintiffs filed a motion to proceed under initials (ECF 81). Defendants failed to file a response to the Motion, and the time for doing so has passed. *See* DUCivR 7-1(a)(4)(D)(ii) ("A response to a motion must be filed within 14 days after service of the motion."). Defendants' failure to respond is grounds for granting the Motion. *See* DUCivR 7-1(f) ("[F]ailure to respond timely to a motion may result in the court granting the motion without further notice."). Because this case involves N.H.'s highly sensitive and personal health information, Plaintiffs' motion is granted.

## II.  LEGAL STANDARDS

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a); see also Fed. R. Civ. P. 17(a) (requiring an action to "be prosecuted in the name of the real party in interest"). "Absent permission by the district court to proceed anonymously, . . . the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989). However, Rule 5.2 of the Federal Rules of Civil Procedure provides that minors may be named using initials unless the court orders otherwise. Fed. R. Civ. P. 5.2(a)(3). Additionally, a party may proceed anonymously in "exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). In deciding whether to permit anonymity, courts exercise discretion in weighing these privacy interests against the public's interest in access to legal proceedings. *See id.*

## III.  DISCUSSION

Where this case involves highly sensitive and personal health information, the motion is granted. Plaintiffs' complaint contains sensitive details about N.H.'s personal circumstances and the serious mental health issues he confronted as a minor (ECF 2). Because this information is "of a highly sensitive and personal nature," N.H. has a strong interest in the protection of his identity. *Femedeer*, 227 F.3d at 1246 (quoting *Frank*, 951 F.2d at 324). Moreover, this case

relates to care N.H. received as a child (ECF 2).[1] Additionally, M.Z.'s anonymity is warranted where disclosure of their full names would reveal N.H.'s identity.[2]

Further, public interest in the identities of the parties in this proceeding appears limited. This case does not involve the sorts of important public issues giving rise to common interest—such as cases "attacking the constitutionality of popularly enacted legislation." *See Femedeer*, 227 F.3d at 1246. Instead, this case involves private individuals challenging the denial of insurance benefits for care received by a minor. Any public interest in this case is limited (at least at this time) to the precedential or persuasive value of the rulings in the case. The use of pseudonyms does not diminish this value.

### IV.     CONCLUSION AND ORDER

For the reasons stated above, the court hereby ORDERS as follows:

1. Plaintiffs' motion to proceed anonymously is GRANTED.

2. On or before May 9, 2025, Plaintiffs must file under seal with the court a document containing the full names of M.Z. and N.H. That filing shall remain under seal unless the court orders otherwise.[3]

IT IS SO ORDERED.

---

[1] *See Tony M. v. United Healthcare Ins. Co.*, No. 2:19-CV-00165-RJS-JCB, 2025 WL 357724, at *4 (D. Utah Jan. 31, 2025) (permitting ERISA plaintiff to proceed pseudonymously where the case related to medical care the plaintiff received as a minor); *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416, at *31 (D. Kan. Sept. 1, 2017) ("The fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the Court's analysis [of whether the plaintiff could proceed pseudonymously].").

[2] *See S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *4 (D. Kan. July 12, 2018) (noting a child "and his parents share common privacy interests based on their inseparable relationship," because disclosure of a parent's identity would effectively disclose the child's identity).

[3] *See W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("If a court grants permission [to proceed pseudonymously], it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter." (citing *Nat'l Commodity & Barter Ass'n*, 886 F.2d at 1245)).

DATED this 30 April 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah